**STATE of Tennessee, Appellee,**

v.

**Johnny Clifford GEORGE, Richard Reese and Gary Delaney, Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

Sept. 18, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, Robert Radford, Dist. Atty. Gen., Huntingdon, for appellee.

J.M. Clement, Jr., Dickson, for George and Reese.

Tom Stump, Waverly, for Gary Delaney.

## OPINION

O'BRIEN, Judge.

Defendants were indicted by the Benton County Grand Jury for burglary and receiving stolen property. They entered into a negotiated guilty plea to a charge of receiving and concealing stolen property. They were sentenced to three years imprisonment. Prior to entering the guilty plea a motion to suppress evidence obtained under a search warrant was overruled. Pursuant to Tenn.R.Crim.P. 37(b)(2)(i), defendants explicitly reserved, with the consent of the State and the court the right to appeal a certified question of law dispositive of the case. Although the record is somewhat ambiguous it seems to be conceded that the certified question of law pertains to the sufficiency of the affidavit to a search warrant to support the credibility of an informant. Defendants claim a Fourth Amendment abridgement.

In entering on the disposition of this matter we think it pertinent to first note that the exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally" and not "a personal constitutional right of the party aggrieved." *United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974). Whether the exclusionary rule remedy is appropriate in a particular context has long been regarded as an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct. (Citations omitted). See *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2324, 76 L.Ed.2d 527 (1983).

The search warrant under attack here was issued to search the premises of Richard Reese, and others. The affidavit, made by the Sheriff of Benton County, sets out, in pertinent part:

" ... [H]is reason for such belief are that affiant is the chief law enforcement officer for the County of Benton, Tennessee, and as such have made inquire (sic) into a burglary of a residential home located near the Sugar Tree Marina in the South end of Benton County in a home belonging to C. Jerry Long. The burglary occured on October 14, 1983 at approx. 4:00 P.M. The home is located at the end of a road. Shortly before the borglary (sic), a party who wishes their identity to remain confidential (sic), but whose name has been furnished to Judge Jerry Parish, told investigating officers that they saw a pick-up truck go down into the area where the house was burgularized. (sic) After an audible burgular (sic) alarm was set off, said informant along with other neighbors sealed the road off. The pick-up never came out. A search for the truck revealed nothing. Another search revealed a way which the truck could have left the burgularized (sic) home when the burglar alarm sounded by going through a field road through the abandoned golf course which would lead to one of the residences which houses some of the Reeses and their other household members, therefore not having to go past any of the neighbors that were trying to apprehend the burgulars (sic).

The investigation also revealed another party, the name which is being withheld as a confidential (sic) informant but whose name and identity has been revealed to Judge Jerry Parish, stated that they were lawfully upon said property of the Reese subject which is reported to be a junkyard, this being the one next to Interstate 40. While there said infor-

mant states they saw one gallon of Canadian Whiskey with a tap which fit the whiskey jug. According to the burgularized (sic) victim, C. Jerry Long, this type of tap had not been manufactured for approx. five years. Said informant states they also saw several more bottles of canadian Whiskey (sic) there. Also they saw several brown garbage bags in the rear of the pick-up. The first informant who heard the burglar alarm and saw the truck going into the area was shown the pick-up which is known to be operated by Richard Reese and is usually in the driveway of the property known as the Junk Yard, and after seeing it stated that it was the same pick-up truck which they saw going toward the burgularized (sic) area shortly before the alarm was set off."

■ Defendants complain that the affidavit to the search warrant did not meet the requirements of T.C.A. § 40–6–104, and further did not reach the standards set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). It is incomprehensible how this matter reached this Court on the record we have before us. The search warrant contained in the record clearly shows that the sheriff's return on the warrant states "Item to be searched for were not found on this property", therefore, the validity of the warrant, or the affidavit in its support could not possibly be the basis for complaint.

■ Nonetheless, the trial judge correctly denied the motion to suppress. In *Illinois v. Gates*, supra, the United States Supreme Court abandoned the test established by the decisions in *Aguilar*, and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) for determining whether an informant's tip establishes probable cause for issuance of a warrant and substituted in its place a "totality of the circumstances" approach as the basis for probable cause analysis in such cases. In *State v. Melson*, 638 S.W.2d 342 (Tenn.1982), our own Supreme Court recognized that a citizen informer who provides information to police officers is entitled to greater belief in his veracity and his credibility than would be a typical police informer who, in some instances, are themselves criminals. Such a person acting openly, in the aid of law enforcement by reporting evidence of a crime to the police, is entitled to greater belief because he has no personal interest in the defendant's arrest, nor does he normally anticipate any personal benefit in exchange for his information.

In this case it was quite clear that the confidential informant, whose names were supplied to the magistrate, were indeed citizen informers. The information supplied by them was corroborated and confirmed in various ways by other evidence obtained by police officers in the course of the investigation, prior to application for the warrant. The affidavit in this case was sufficient and we find the issue to be without merit.

The judgment of the trial court is affirmed.

DWYER and DUNCAN, JJ., concur.